McGUIREWOODS LLP
1345 Avenue of the Americas
Seventh Floor
New York, New York 10105
Telephone: (212) 548-2148
Facsimile: (212) 715-6293
Patrick L. Hayden
Nathan S. Greenberg
phayden@mcguirewoods.com
ngreenberg@mcguirewoods.com

*Proposed Attorneys for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             :
In re:                                                       :        Chapter 11
                                                             :
Dawson International Investments (Kinross) Inc.,             :        Case No. 16-11551 (JLG)
a Delaware corporation,                                      :
                                                             :        Joint Administration Requested
        Debtor.                                              :
                                                             :
-------------------------------------------------------------X
                                                             :
In re:                                                       :        Chapter 11
                                                             :
Dawson International Properties, Inc.,                       :        Case No. 16-11552 (JLG)
a Delaware corporation,                                      :
                                                             :        Joint Administration Requested
        Debtor.                                              :
                                                             :
-------------------------------------------------------------X
                                                             :
In re:                                                       :        Chapter 11
                                                             :
Ilion Properties, Inc.,                                      :        Case No. 16-11550 (JLG)
a New York corporation,                                      :
                                                             :        Joint Administration Requested
        Debtor.                                              :
                                                             :
-------------------------------------------------------------X

1

```
------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
                                              :
DCC USA Inc.,                                 :    Case No. 16-11553 (JLG)
a Delaware corporation,                       :
                                              :    Joint Administration Requested
        Debtor.                               :
                                              :
------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
                                              :
Dawson Luxury Garments LLC,                   :    Case No. 16-11554 (JLG)
a Massachusetts limited liability company,    :
                                              :    Joint Administration Requested
        Debtor.                               :
                                              :
------------------------------------------------------------X
```

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS OF DAWSON INTERNATIONAL INVESTMENTS (KINROSS) INC. AND ITS AFFILIATED DEBTORS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Dawson International Investments (Kinross) Inc. ("DIIKI") and each of its affiliated debtors (collectively, the "Debtors")[1] in the United States Bankruptcy for the Southern District of New York (the "Bankruptcy Court") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their advisors. The Schedules and Statements have been prepared by the Debtors' management exercising best efforts to ensure accuracy and completeness by legal entity based on information that was available at the time of preparation. The Schedules and Statements are unaudited and were prepared with data as near as possible to May 27, 2016 (the "Petition Date"), except as noted. These Global Notes and Statement of Limitations,

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Dawson International Investments (Kinross) Inc. (7624); Dawson International Properties, Inc. (1323); Ilion Properties, Inc. (5838); DCC USA Inc. (8757); and Dawson Luxury Garments LLC (7882).

Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements have been signed by David G. Cooper on behalf of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Cooper has necessarily relied upon the efforts, statements and representations of James D. Byrnes, another officer of the Debtors, and the Debtors' advisors. Mr. Cooper has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

I.    <u>Amendment and Reservation of Rights</u>.

(1)    The Debtors and their advisors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions in the Schedules and Statements may exist. The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description or designation of any claim against any Debtor (a "Claim") (including, without limitation, reserving the right to: (a) alter the description or designation of any Claim; (b) dispute or otherwise assert setoff rights, counterclaims or other defenses to any Claim, including, without limitation, any defenses relating to amount, liability, priority, status or classification; (c) subsequently designate any Claim as "disputed," "contingent" or "unliquidated"; and/or (d) object to the extent, validity, enforceability, priority or avoidability of any Claim). The absence of a "disputed," "contingent" or "unliquidated" designation with respect to any Claim or amount in the Schedules and Statements does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent" or "unliquidated." Listing (i) a Claim in Schedule D as "secured," (ii) a Claim in Schedule E as "priority," (iii) a Claim in Schedule F as "unsecured" or (iv) a contract or lease in Schedule G as "executory" or "unexpired" is not: (y) an admission by the Debtors with respect to any legal rights associated with such Claim, contract or lease; or (z) a waiver of the Debtors' rights to recharacterize or reclassify such Claim, contract or lease.

(2)    The Debtors' inclusion of a Claim in the Schedules and Statements does not constitute an admission of liability by the Debtor in regard to which the Claim is listed or any other Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any right the Debtors may possess, including, without limitation, any right involving Claims, defenses, equitable subordination, substantive consolidation and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes

3

shall not in any respect limit the scope or breadth of the general reservation of rights contained in this section.

(3)     Without limiting anything else expressly reserved herein, the Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification regardless of the information contained in the Schedules and Statements.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

II.     <u>Basis of Presentation</u>.  The Debtors filed these chapter 11 cases on May 27, 2016.  For financial reporting purposes, the Debtors prepare unaudited consolidated financial statements.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where indicated otherwise.  Accordingly, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding the Debtors that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("<u>GAAP</u>").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements of the Debtors.

III.     <u>General Assumptions</u>.  The Debtors adopted the following conventions in the preparation of the Schedules and Statements.

(1)     <u>Reporting Date</u>.  Unless otherwise indicated, all asset and liability information is listed as of the Petition Date.

(2)     <u>Unaudited</u>.  The books and records and the financial statements of the Debtors utilized to complete the information contained in the Schedules and Statements are unaudited.

(3)     <u>Book Value</u>.

(a)     Certain assets and liabilities of each Debtor are shown on the basis of the net book value of the asset or liability in the Debtor's accounting books and records, unless otherwise noted, rather than the current market values, of such interests in property and/or liabilities.  Certain other assets, such as investments in subsidiaries and partnerships, and intercompany loans, are listed either with undetermined amounts or net amounts of zero.

4

(b)    Amounts shown for total assets and total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements.

(c)    Book values may not equate to their current market values.

(4)    <u>Consolidated Cash Management System</u>.  As described further in the *Declaration of David Cooper in Accordance with Local Rule 1007-2* (DIIKI ECF Doc. No. 3), the Debtors utilize a consolidated cash management system and, as such, the obligations of various Debtors are paid by or through one bank account (the "<u>Bank Account</u>"), notwithstanding that certain of those obligations may be obligations of other Debtors.  Prior to the Petition Date, the Bank Account was held in the name of one of the Debtors – DCC USA, Inc. – although the funds in the Bank Account were owned by another of the Debtors, its wholly-owned subsidiary, Dawson Luxury Garments, LLC. Accordingly, pre-petition payments reported in Statement (3, 4, 11 and 30) have been reported based on the Debtor that maintained the Bank Account – i.e., DCC USA, Inc., although the Debtors have also attempted in DCC USA, Inc.'s Statement to reflect on which Debtor's behalf each such payment was made from the Bank Account.  After the Petition Date, in part because the funds in the Bank Account belonged to Dawson Luxury Garments, LLC, the funds in the Bank Account were transferred to a debtor-in-possession account (the "<u>DIP Account</u>") in the name of Dawson Luxury Garments, LLC. Accordingly, Schedule A/B(3) for Dawson Luxury Garments, LLC reflects ownership of the DIP Account, while Schedule A/B(3) for DCC USA, Inc. reflects ownership of neither the Bank Account nor the DIP Account.

(5)    <u>Currency</u>.  All amounts are reflected in U.S. dollars.

(6)    <u>Estimates</u>.  The books and records of the Debtors as of the Petition Date include estimates and assumptions made by management in the ordinary course that may affect the reported amounts of assets and liabilities.

(7)    <u>Causes of Action</u>.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

(8)    <u>Fully Depreciated Assets</u>.  Fully depreciated assets have been included in the Schedules of the Debtors.  Therefore, there may be instances where the reported value in the Schedules is zero.

(9)      Intercompany Transactions.  Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany amounts payable and receivable.  Claims between Debtors are scheduled on Schedule A/B(71) and on Schedule F as applicable.  Because of the format of the Schedules, the receivable listed on Schedule A/B(71) is netted to zero based on doubtful collection, while the corresponding payable on Schedule F is not netted to zero.  Nonetheless, the Debtors do not ascribe any net value to the intercompany claims, whether as payables or receivables.

(10)      Global Notes Control.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

IV.      Specific Schedules of Assets and Liabilities Disclosures.

(1)      Schedule A/B(6): Deposits and Prepayments.  To the extent the advance retainer held by proposed counsel for the Debtors constitutes a deposit or prepayment, it is reflected in the Statement of DCC USA Inc. because the Bank Account from which the payment was made was in the name of DCC USA Inc.; however the payment was on behalf of all affiliated Debtors.  Additionally, as indicated in the *Declaration of David G. Cooper in Accordance with Local Rule 1007-2* (DIIKI ECF Doc. No. 3), the funds in the Bank Account were the property of another of the Debtors, Dawson Luxury Garments, LLC.

(2)      Schedule A/B(15): Interests in Subsidiaries and Affiliates.  Equity interests in subsidiaries primarily arise from common stock ownership or member or partnership interests.  Each Debtor's Schedule lists such Debtor's ownership interests, if any, in subsidiaries.  For purposes of these Schedules, the Debtors have listed the value of ownership interests as undetermined because the value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

(3)      Schedule A/B(72): NOLs.  The net operating losses ("NOLs") are reported for each of the Debtors on a consolidated basis, and are the approximate cumulative, face amount through tax year 2015.  However, the Debtors do not anticipate that the NOLs have any significant realizable value.

(4)      Schedule A/B(74/75): Causes of Action.  The Debtors hold potential causes of action against potentially responsible parties ("PRPs") listed on Schedule H as potential co-obligors in regard to potential environmental liabilities under applicable environmental law (including, without limitation, CERCLA and comparable laws) and/or under certain contractual agreements.  Additionally, other parties, including those listed on Schedules E/F, may also be PRPs or potential co-obligors regarding potential environmental liabilities whether or not specifically identified on Schedule H.  At this time, the Debtors have not identified any specific causes of action in this regard, and, accordingly, the Debtors cannot assess the potential value of any such claims.

     (5)    <u>Schedule E: Creditors Holding Unsecured Priority Claims.</u>  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

     (6)    <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims.</u>

     (a)    Many of the claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.  The Debtors reserve the assert a different date on which a claim arose where one is indicated.

     (b)    In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, however, no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.

     (c)    Certain creditors on the Debtors' Schedule F are listed multiple times with different addresses; however, such listings do not represent different potential claims.

     (d)    The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts, including those listed on Schedule G, are holders of "contingent" and "unliquidated" unsecured claims arising from (i) obligations under those executory contracts, and/or (ii) rejection damages in the event that such executory contract is rejected.  Not all such claims are duplicated on Schedule F.

     (7)    <u>Schedule G: Executory Contracts</u>.

     (a)    Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  It is possible that some of the contracts or agreements listed

on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

(b)     The Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/ letter agreements, title documents, consents, site plans, maps, and other various agreements. Such documents are generally not set forth on Schedule G.

(c)     The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

(d)     Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by their omission. This Schedule may be amended at any time to add any omitted contract or agreement.

(e)     An individual Debtor may have entered into contracts with third parties for the benefit of other Debtors. For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract. The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

(8)     Schedule H: Co-Debtors. Numerous entries on Schedule H reflect PRPs as potential co-obligors in regard to potential environmental liabilities under applicable environmental law (including, without limitation, CERCLA and comparable laws) and/or under certain contractual agreements. All entries on Schedule H are without prejudice, and do not constitute an admission by the Debtors as to liability in any regard. Additionally, other parties, including those listed on Schedules E/F, may also be PRPs or potential co-obligors regarding potential environmental liabilities whether or not specifically identified on Schedule H.

V.     Specific Statements of Financial Affairs Disclosures.

(1)     Question 3. Payments made by wire and other bank transfers are

recorded based on transfer date.  Payments made by check are recorded based on check issue date and as such any checks issued prior to the 90 day period that might have cleared during the 90 day period are not reflected.

      (2)    Question 11.  The payments related to bankruptcy are reflected in the Statement of DCC USA Inc. because the Bank Account from which the payments were made was in the name of DCC USA Inc.; however the payments were on behalf of all affiliated Debtors.  Additionally, as indicated in the *Declaration of David G. Cooper in Accordance with Local Rule 1007-2* (DIIKI ECF Doc. No. 3), the funds in the Bank Account were the property of another of the Debtors, Dawson Luxury Garments, LLC.

      (3)    Question 14.  Prior addresses have been listed to the extent the location is no longer occupied by any of the Debtors.

* * * END OF GLOBAL NOTES * * *

79038024.3

**Fill in this information to identify the case:**

Debtor name  Dawson International Investments (Kinross) Inc.

United States Bankruptcy Court for the:  Southern                    District of  New York
(State)

Case number (If known):  16-11551 (JLG)

☐ Check if this is an
   amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

  1a. **Real property:**
     Copy line 88 from *Schedule A/B* ...............................................................    $ None

  1b. **Total personal property:**
     Copy line 91A from *Schedule A/B* .............................................................    $ 4,807,650.00

  1c. **Total of all property:**
     Copy line 92 from *Schedule A/B* ...............................................................    $ 4,807,650.00

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .............................................    $ 0

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

  3a. **Total claim amounts of priority unsecured claims:**
     Copy the total claims from Part 1 from line 5a of *Schedule E/F* ......................................    $ 0

  3b. **Total amount of claims of nonpriority amount of unsecured claims:**
     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................    + $ 5,408,253.54

4. **Total liabilities** ...........................................................................................................................................
    Lines 2 + 3a + 3b    $ 5,408,253.54

**Fill in this information to identify the case:**

Debtor name ___Dawson International Investments (Kinross) Inc._____

United States Bankruptcy Court for the: ___Southern_____ District of ___New York___
                                                                              (State)

Case number (If known): ___16-11551 (JLG)_____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:  Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                 $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. _____ | _____ | ____ ____ ____ ____ | $_____ |
   | 3.2. _____ | _____ | ____ ____ ____ ____ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   | 4.1. _____ | $_____ |
   |---|---|
   | 4.2. _____ | $_____ |

5. **Total of Part 1**                                                              $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit
   | 7.1. See Global Notes _____ | $_____ |
   |---|---|
   | 7.2._____ | $_____ |

Debtor  Dawson International Investments (Kinross) Inc.  Case number (if known) 16-11551 (JLG)
        Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____  $_____

   8.2. _____  $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.   $_____

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    | | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:  _____ – _____ = ........➔  $_____
                               face amount       doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ – _____ = ........➔  $_____
                               face amount       doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $_____

## Part 4:  Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☑ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    | | | |
    |---|---|---|
    | 14.1. _____ | _____ | $_____ |
    | 14.2. _____ | _____ | $_____ |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                           % of ownership:

    | | | | |
    |---|---|---|---|
    | 15.1. Dawson International Properties, Inc. | 100 % | _____ | $ Undetermined |
    | 15.2. Ilion Properties, Inc. | 100 % | _____ | $ Undetermined |
    | 15.3 DCC USA Inc. | 100 | | Undetermined |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    | | | |
    |---|---|---|
    | 16.1. _____ | _____ | $_____ |
    | 16.2. _____ | _____ | $_____ |

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.   $ Undetermined

---

Debtor    Dawson International Investments (Kinross) Inc.    Case number *(if known)* 16-11551 (JLG)
            Name

---

| Part 5: | **Inventory, excluding agriculture assets** |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor   Dawson International Investments (Kinross) Inc.                    Case number *(if known)*   16-11551 (JLG)
_____
Name

---

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.                                    $_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____  Valuation method _____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| | (Where available) | | |
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.                                    $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor    Dawson International Investments (Kinross) Inc.                    Case number (if known)  16-11551 (JLG)
_____
          Name

| Part 8: | Machinery, equipment, and vehicles |

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48.  **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49.  **Aircraft and accessories**

| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| _____ | $_____ | _____ | $_____ |

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.                    $_____

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**
     ☐ No
     ☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
     ☐ No
     ☐ Yes

Debtor   Dawson International Investments (Kinross) Inc.                    Case number *(if known)* 16-11551 (JLG)
          Name

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor    Dawson International Investments (Kinross) Inc.    Case number *(if known)* 16-11551 (JLG)
_____
Name

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

DCC USA Inc. Inter-Company Loan    $4,396,996.30 — $4,396,996.30 = → $ 0
                                   Total face amount    doubtful or uncollectible amount

Ilion Properties, Inc. Inter-Company Loan    $159,484.31    $159,484.31    $ 0

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

Consolidated Federal NOL Carry-Forward    Tax year 2015    $ 4,807,650.00

Tax year _____    $_____

Tax year _____    $_____

73. **Interests in insurance policies or annuities**

_____    $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

See Global Notes    $_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

See Global Notes    $_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____    $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

See Schedule G    $ 0

_____    $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $ 4,807,650.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor  Dawson International Investments (Kinross) Inc.  Case number (if known) 16-11551 (JLG)
        Name

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $ None | |
| 81. **Deposits and prepayments.** Copy line 9, Part 2. | $ None | |
| 82. **Accounts receivable.** Copy line 12, Part 3. | $ None | |
| 83. **Investments.** Copy line 17, Part 4. | $ Undetermined | |
| 84. **Inventory.** Copy line 23, Part 5. | $ None | |
| 85. **Farming and fishing-related assets.** Copy line 33, Part 6. | $ None | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $ None | |
| 87. **Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $ None | |
| 88. **Real property.** Copy line 56, Part 9. ................................ ➔ | | $ None |
| 89. **Intangibles and intellectual property.** Copy line 66, Part 10. | $ None | |
| 90. **All other assets.** Copy line 78, Part 11. | + $ 4,807,650.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ........................... 91a. | $ 4,807,650.00 | + 91b. $ 0 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .......................................... $ 4,807,650.00

---

Fill in this information to identify the case:

Debtor name __Dawson International Investments (Kinross) Inc.__

United States Bankruptcy Court for the: __Southern__   District of __New York__
(State)

Case number (If known): __16-11551 (JLG)__

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

Creditor's name
_____

Creditor's mailing address
_____
_____
_____

Creditor's email address, if known
_____

Date debt was incurred   _____

Last 4 digits of account number   ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

Describe debtor's property that is subject to a lien
_____
_____

Describe the lien
_____

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

**2.2**

Creditor's name
_____

Creditor's mailing address
_____
_____
_____

Creditor's email address, if known
_____

Date debt was incurred   _____

Last 4 digits of account number   ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien
_____
_____

Describe the lien
_____

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                $_____

**Fill in this information to identify the case:**

Debtor: Dawson International Investments (Kinross) Inc.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number: 16-11551 (JLG)
(If known)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

_____
_____
_____

As of the petition filing date, the claim is: $_____  $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

Basis for the claim:

_____

**Last 4 digits of account number** ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.2** Priority creditor's name and mailing address

_____
_____
_____

As of the petition filing date, the claim is: $_____  $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

Basis for the claim:

_____

**Last 4 digits of account number** ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.3** Priority creditor's name and mailing address

_____
_____
_____

As of the petition filing date, the claim is: $_____  $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

Basis for the claim:

_____

**Last 4 digits of account number** ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

Debtor  Dawson International Investments (Kinross) Inc.    Case number (if known) 16-11551 (JLG)
        Name

## Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority
    unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

Arrowood, Inc.

P.O. Box 676

Norwood, NC 28128

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: Potential Environmental Liability

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.2** Nonpriority creditor's name and mailing address

Beltex Corporation

P.O. Box 749

Belmont, NC 28012

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: Potential Environmental Liability

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.3** Nonpriority creditor's name and mailing address

Cinderella Knitting Mills, Inc.

502 Mitchell St

Kings Mountain, NC 28086

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: Potential Environmental Liability

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.4** Nonpriority creditor's name and mailing address

James D. Byrnes

P.O. Box 706

Natick, MA 01760

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: Indemnification Agreement

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.5** Nonpriority creditor's name and mailing address

David G. Cooper

19 Baberton Crescent, Juniper Green

Edinburgh, Scotland, EH14 5BW, United Kingdom

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: Indemnification Agreement

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.6** Nonpriority creditor's name and mailing address

Dawson Forte, LLC

40 Shawmut Road

Canton, MA 02021

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Record Storage

$ 275.00

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

Debtor ___Dawson International Investments (Kinross) Inc._____    Case number _(if known)_ 16-11551 (JLG)_
         Name

---

| Part 2: | Additional Page |
|---------|-----------------|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

---

**3.7** | **Nonpriority creditor's name and mailing address**

Dawson International plc

c/o Blair Carnegie Nimmo, 191 West George Street

Glasgow, Scotland, G2 2LJ, United Kingdom

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

**Basis for the claim:** Inter-Company Loans

$ 1,539,484.31

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.8** | **Nonpriority creditor's name and mailing address**

Dawson International Properties, Inc.

P.O. Box 706

Natick, MA 01760

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Inter-Company Loans

$ 29,010.23

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.9** | **Nonpriority creditor's name and mailing address**

Dawson Luxury Garments LLC

P.O. Box 706

Natick, MA 01760

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Inter-Company Loans

$ 439,484.00

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.10** | **Nonpriority creditor's name and mailing address**

J.E. Morgan Knitting Mills Inc.

P.O. Box 390, RD. 2

Tamaqua, PA 08252

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** Potential Indemnification Liability

$ Unknown

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.11** | **Nonpriority creditor's name and mailing address**

J.E. Morgan Knitting Mills Inc.

c/o Tyson Foods, Inc., 2200 W. Don Tyson Parkway

Springdale, AR 72762

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** Additional Address for 3.10

$ _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

Debtor    Dawson International Investments (Kinross) Inc.    Case number (if known) 16-11551 (JLG)
Name

| **Part 2:** | **Additional Page** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.12** | **Nonpriority creditor's name and mailing address**
NC Department of Environmental Quality

Waste Management, 1646 Mail Service Center

Raleigh, NC 27699

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

**Basis for the claim:**  Potential Environmental Liability

$ ___Unknown_____

**Date or dates debt was incurred**    _____

**Last 4 digits of account number**    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.13** | **Nonpriority creditor's name and mailing address**
NC Dept. of Environmental and Natural Resources

Division of Waste Management, 217 West Jones Street

Raleigh, NC 27603

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Additional Address for 3.12

$ _____

**Date or dates debt was incurred**    _____

**Last 4 digits of account number**    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.14** | **Nonpriority creditor's name and mailing address**
NC Department of Environmental Quality

c/o James Bateson, 1646 Mail Service Center

Raleigh, NC 27699

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Additional Address for 3.12

$ _____

**Date or dates debt was incurred**    _____

**Last 4 digits of account number**    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.15** | **Nonpriority creditor's name and mailing address**
NC Department of Environmental Quality

Mooresville Regional Office, 610 East Center Ave, Suite 301

Mooresville, NC 28115

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Additional Address for 3.12

$ _____

**Date or dates debt was incurred**    _____

**Last 4 digits of account number**    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.16** | **Nonpriority creditor's name and mailing address**
NC Department of Environmental Quality

Mooresville Regional Office, 919 North Main Street

Mooresville, NC 28115

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Additional Address for 3.12

$ _____

**Date or dates debt was incurred**    _____

**Last 4 digits of account number**    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

Debtor ___Dawson International Investments (Kinross) Inc._____    Case number (if known)_16-11551 (JLG)___
Name

| Part 2: | Additional Page |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.17** | **Nonpriority creditor's name and mailing address**

Pension Benefit Guaranty Corporation

1200 K Street, N.W.

Washington DC, 20005

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

**Basis for the claim:** ___Potential Underfunded Pension___

**Is the claim subject to offset?**
☐ No
☐ Yes

$___3,400,000.00 (estimated)___

---

**3.18** | **Nonpriority creditor's name and mailing address**

Reeves Brothers, Inc.

c/o Trelleborg Coated Systems US, Inc., 715 Railroad Ave.

Rutherfordton, NC 28139

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** ___Potential Environmental Liability___

**Is the claim subject to offset?**
☐ No
☐ Yes

$___Unknown___

---

**3.19** | **Nonpriority creditor's name and mailing address**

Reeves Brothers, Inc.

790 Reeves St.

Spartanburg, SC 29301

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** ___Additional Address for 3.18___

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

**3.20** | **Nonpriority creditor's name and mailing address**

Ted Russell

201 NC Highway 24/27

Albemarle, NC 28001

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** ___Potential Environmental Liability___

**Is the claim subject to offset?**
☐ No
☐ Yes

$___Unknown___

---

**3.21** | **Nonpriority creditor's name and mailing address**

Sara Lee Corporation

c/o The Corporation Trust Incorporated, 351 West Camden St.

Baltimore, MD 21201

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** ___Potential Indemnification Liability___

**Is the claim subject to offset?**
☐ No
☐ Yes

$___Unknown___

Debtor    Dawson International Investments (Kinross) Inc.    Case number (if known) 16-11551 (JLG)
          Name

| Part 2: | Additional Page |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.22** | Nonpriority creditor's name and mailing address

Sara Lee Corporation

c/o Tyson Foods, Inc., 2200 W. Don Tyson Parkway

Springdale, AR 72762

**As of the petition filing date, the claim is:**
Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ Liquidated and neither contingent nor disputed

**Basis for the claim:** Additional Address for 3.21

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$_____

---

**3.23** | Nonpriority creditor's name and mailing address

Sara Lee Corporation

c/o Jacobs Douwe Egberts HQ, Oosterdoksstraat 80

1011 DK, Amsterdam, The Netherlands

**As of the petition filing date, the claim is:**
Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Basis for the claim:** Additional Address for 3.21

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$_____

---

**3.24** | Nonpriority creditor's name and mailing address

Saramar, L.L.C.

Corporation Trust Center, 1209 Orange Street

Wilmington, DE 19801

**As of the petition filing date, the claim is:**
Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Basis for the claim:** Potential Indemnification Liability

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$ Unknown

---

**3.25** | Nonpriority creditor's name and mailing address

U.S. Environmental Protection Agency

Office of Site Remediation Enforcement, 1200 Pennsylvania Ave

Mail Code 2272A, Washington, DC 20004-2004

**As of the petition filing date, the claim is:**
Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Basis for the claim:** Potential Environmental Liability

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$ Unknown

---

**3.26** | Nonpriority creditor's name and mailing address

U.S. Environmental Protection Agency Region 4

c/o Bianca N. Jaikaran, Office of Regional Counsel, 61 Forsyth Street, S.W.

Atlanta, GA 30303-8931

**As of the petition filing date, the claim is:**
Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Basis for the claim:** Potential Environmental Liability

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$ Unknown

---

| Debtor | Dawson International Investments (Kinross) Inc. | Case number (if known) 16-11551 (JLG) |
| | Name | |

## Part 2:    Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.27** Nonpriority creditor's name and mailing address

Uwharrie Storage Center, Inc.

c/o Mr. Charles G. Sheppard, 10701 Bowman Barrier Road

Mt. Pleasant, NC 28124

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ Liquidated and neither contingent nor disputed

Basis for the claim:  Potential Environmental Liability

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Debtor  Dawson International Investments (Kinross) Inc.                    Case number (if known) 16-11551 (JLG)
        Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0 |
| 5b. **Total claims from Part 2** | 5b. + | $ 5,408,253.54 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 5,408,253.54 |

| Fill in this information to identify the case: |
|---|

Debtor name  **Dawson International Investments (Kinross) Inc.**

United States Bankruptcy Court for the: **Southern**    District of    **New York**
(State)

Case number (If known): **16-11551 (JLG)**    Chapter    **11**

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Consultant Agreement | Tashmoo Partners LLC |
| | | | P.O. Box 706 |
| | State the term remaining | Indefinite | Natick, MA 01760 |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Consultant Agreement | DC Consulting Limited |
| | | | 19 Baberton Crescent, Juniper Green |
| | State the term remaining | Indefinite | Edinburgh, Scotland, EH14 5BW, United Kingdom |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | Indemnification Agreement | James D. Byrnes |
| | | | P.O. Box 706 |
| | State the term remaining | Indefinite | Natick, MA 01760 |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Indemnification Agreement | David G. Cooper |
| | | | 19 Baberton Crescent, Juniper Green |
| | State the term remaining | Indefinite | Edinburgh, Scotland, EH14 5BW, United Kingdom |
| | List the contract number of any government contract | | |
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest | Pension Advisory Services | Asset Strategy Advisors |
| | | | 5  Commonwealth Road |
| | State the term remaining | | Natick, MA 01760-1526 |
| | List the contract number of any government contract | | |

Debtor   Dawson International Investments (Kinross) Inc.     Case number (if known)  16-11551 (JLG)
Name

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2.6**

State what the contract or lease is for and the nature of the debtor's interest — Pension Advisory Services

State the term remaining

List the contract number of any government contract

Jacob Haxton & Boord Inc.
100 Old Wilson Bridge Road Suite 214
Worthington, OH 43085

**2.7**

State what the contract or lease is for and the nature of the debtor's interest — Pension Advisory Services

State the term remaining

List the contract number of any government contract

Qualified Annuity Services
260 Northland Blvd
Cincinnati, OH 45246

**2._**

State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._**

State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._**

State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._**

State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._**

State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name __Dawson International Investments (Kinross) Inc.__

United States Bankruptcy Court for the: __Southern__ District of __New York__
                                                              (State)

Case number (If known): __16-11551 (JLG)__

☐ Check if this is an
   amended filing

## Official Form 206H

## Schedule H: Codebtors                                                    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G_.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 See Attached List | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |
| 2.2 _____ | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |
| 2.3 _____ | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |
| 2.4 _____ | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |
| 2.5 _____ | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |
| 2.6 _____ | Street _____ City __ State __ ZIP Code __ | _____ | ☐ D ☐ E/F ☐ G |

# SCHEDULE H: CODEBTORS
## ATTACHMENT FORM

<u>Dawson International Investments (Kinross) Inc.</u>
United States Bankruptcy Court for the Southern District of New York
Case Number: 16-11551 (JLG)

| NUMBER | CODEBTOR NAME | MAILING ADDRESS | CREDITOR NAME | APPLICABLE SCHEDULE |
|---|---|---|---|---|
| 2.1 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Arrowood, Inc. | E/F |
| 2.2 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | Arrowood, Inc. | E/F |
| 2.3 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | Arrowood, Inc. | E/F |
| 2.4 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Arrowood, Inc. | E/F |
| 2.5 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland, G2 2LJ United Kingdom | Arrowood, Inc. | E/F |
| 2.6 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Beltex Corporation | E/F |
| 2.7 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | Beltex Corporation | E/F |
| 2.8 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | Beltex Corporation | E/F |
| 2.9 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Beltex Corporation | E/F |
| 2.10 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland, G2 2LJ United Kingdom | Beltex Corporation | E/F |
| 2.11 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Cinderella Knitting Mills, Inc. | E/F |
| 2.12 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | Cinderella Knitting Mills, Inc. | E/F |

| NUMBER | CODEBTOR NAME | MAILING ADDRESS | CREDITOR NAME | APPLICABLE SCHEDULE |
|---|---|---|---|---|
| 2.13 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Cinderella Knitting Mills, Inc. | E/F |
| 2.14 | Arrowood, Inc. | P.O. Box 676 Norwood, NC 28128 | Cinderella Knitting Mills, Inc. | E/F |
| 2.15 | Beltex Corporation | P.O. Box 749 Belmont, NC 28012 | Cinderella Knitting Mills, Inc. | E/F |
| 2.16 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland, G2 2LJ United Kingdom | Cinderella Knitting Mills, Inc. | E/F |
| 2.17 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | James D. Byrnes | E/F G |
| 2.18 | Ilion Properties, Inc. | P.O. Box 706 Natick, MA 01760 | James D. Byrnes | E/F G |
| 2.19 | Dawson Luxury Garments LLC | P.O. Box 706 Natick, MA 01760 | James D. Byrnes | E/F G |
| 2.20 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | David G. Cooper | E/F G |
| 2.21 | Dawson Luxury Garments LLC | P.O. Box 706 Natick, MA 01760 | David G. Cooper | E/F G |
| 2.22 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.23 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.24 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.25 | Arrowood, Inc. | P.O. Box 676 Norwood, NC 28128 | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.26 | Beltex Corporation | P.O. Box 749 Belmont, NC 28012 | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.27 | Uwharrie Storage Center, Inc. | 10701 Bowman Barrier Road Mt. Pleasant, NC 28124 | J.E. Morgan Knitting Mills, Inc. | E/F |

Schedule H: Codebtors

| NUMBER | CODEBTOR NAME | MAILING ADDRESS | CREDITOR NAME | APPLICABLE SCHEDULE |
|--------|---------------|-----------------|---------------|---------------------|
| 2.28 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland, G2 2LJ United Kingdom | J.E. Morgan Knitting Mills, Inc. | E/F |
| 2.29 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | North Carolina Department of Environmental Quality | E/F |
| 2.30 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | North Carolina Department of Environmental Quality | E/F |
| 2.31 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | North Carolina Department of Environmental Quality | E/F |
| 2.32 | Arrowood, Inc. | P.O. Box 676 Norwood, NC 28128 | North Carolina Department of Environmental Quality | E/F |
| 2.33 | Beltex Corporation | P.O. Box 749 Belmont, NC 28012 | North Carolina Department of Environmental Quality | E/F |
| 2.34 | Uwharrie Storage Center, Inc. | 10701 Bowman Barrier Road Mt. Pleasant, NC 28124 | North Carolina Department of Environmental Quality | E/F |
| 2.35 | Sara Lee Corporation | See multiple addresses on Schedule E/F | North Carolina Department of Environmental Quality | E/F |
| 2.36 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Pension Benefit Guaranty Corporation | E/F |
| 2.37 | Ilion Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Pension Benefit Guaranty Corporation | E/F |

| NUMBER | CODEBTOR NAME | MAILING ADDRESS | CREDITOR NAME | APPLICABLE SCHEDULE |
|---|---|---|---|---|
| 2.38 | DCC USA Inc. | P.O. Box 706 Natick, MA 01760 | Pension Benefit Guaranty Corporation | E/F |
| 2.39 | Ted Russell | 201 NC Highway 24/27 Albemarle, NC 28001 | Pension Benefit Guaranty Corporation | E/F |
| 2.40 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Pension Benefit Guaranty Corporation | E/F |
| 2.41 | Dawson Luxury Garments LLC | P.O. Box 706 Natick, MA 01760 | Pension Benefit Guaranty Corporation | E/F |
| 2.42 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Reeves Brothers, Inc. | E/F |
| 2.43 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | Reeves Brothers, Inc. | E/F |
| 2.44 | Arrowood, Inc. | P.O. Box 676 Norwood, NC 28128 | Reeves Brothers, Inc. | E/F |
| 2.45 | Beltex Corporation | P.O. Box 749 Belmont, NC 28012 | Reeves Brothers, Inc. | E/F |
| 2.46 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Reeves Brothers, Inc. | E/F |
| 2.47 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland, G2 2LJ United Kingdom | Reeves Brothers, Inc. | E/F |
| 2.48 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Sara Lee Corporation | E/F |
| 2.49 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Sara Lee Corporation | E/F |
| 2.50 | Dawson International plc | Blair Carnegie Nimmo Dawson International plc Administrator 191 West George Street Glasgow, Scotland G2 2LJ United Kingdom | Sara Lee Corporation | E/F |

Schedule H: Codebtors

| NUMBER | CODEBTOR NAME | MAILING ADDRESS | CREDITOR NAME | APPLICABLE SCHEDULE |
|---|---|---|---|---|
| 2.51 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Saramar, LLC | E/F |
| 2.52 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Saramar, LLC | E/F |
| 2.53 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Ted Russell | E/F |
| 2.54 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Ted Russell | E/F |
| 2.55 | Uwharrie Storage Center, Inc. | 10701 Bowman Barrier Road Mt. Pleasant, NC 28124 | Ted Russell | E/F |
| 2.56 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | U.S. Environmental Protection Agency | E/F |
| 2.57 | Reeves Brothers, Inc. | 790 Reeves St. Spartanburg, SC 29301 | U.S. Environmental Protection Agency | E/F |
| 2.58 | Cinderella Knitting Mills, Inc. | 502 Mitchell St. Kings Mountain, NC 28086 | U.S. Environmental Protection Agency | E/F |
| 2.59 | Arrowood, Inc. | P.O. Box 676 Norwood, NC 28128 | U.S. Environmental Protection Agency | E/F |
| 2.60 | Beltex Corporation | P.O. Box 749 Belmont, NC 28012 | U.S. Environmental Protection Agency | E/F |
| 2.61 | Uwharrie Storage Center, Inc. | 10701 Bowman Barrier Road Mt. Pleasant, NC 28124 | U.S. Environmental Protection Agency | E/F |
| 2.62 | Sara Lee Corporation | See multiple addresses on Schedule E/F | U.S. Environmental Protection Agency | E/F |
| 2.63 | Ted Russell | 201 NC Highway 24/27 Albemarle, NC 28001 | U.S. Environmental Protection Agency | E/F |
| 2.64 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | U.S. Environmental Protection Agency | E/F |
| 2.65 | Dawson International Properties, Inc. | P.O. Box 706 Natick, MA 01760 | Uwharrie Storage Center, Inc. | E/F |
| 2.66 | J.E. Morgan Knitting Mills, Inc. | See multiple addresses on Schedule E/F | Uwharrie Storage Center, Inc. | E/F |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Dawson International Investments | : | Case No. 16-11551 (JLG) |
| (Kinross) Inc., | : | |
| | : | Joint Administration Requested |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------X

### LIST OF EQUITY SECURITY HOLDERS

The following list sets forth the equity security holder of the Debtor, and has been prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Equity Holder | Address of Equity Holder | Number of Units | Type of Units |
|---|---|---|---|
| Dawson International plc | Blair Carnegie Nimmo<br>Dawson International plc<br>Administrator<br>191 West George Street<br>Glasgow, Scotland<br>G2 2LJ<br>United Kingdom | 100% | Interests |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Dawson International Investments (Kinross) Inc.___

United States Bankruptcy Court for the: ___Southern___ District of ___New York___
                                                                    (State)

Case number (*If known*): ___16-11551 (JLG)___

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration ___List of Equity Security Holders___

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___06/10/2016___          ✘ ___/s/ David G. Cooper___
                 MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                         ___David G. Cooper___
                                         Printed name

                                         ___President and Sole Director___
                                         Position or relationship to debtor